UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARK T. PARSONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:04CV140 CAS |
| ) | (TIA) |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court under 42 U.S.C. § 405(g) for judicial review of the denial of Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

**Procedural History**

On June 26, 2002, Plaintiff filed an application for Disability Insurance Benefits (DIB), alleging disability beginning December 31, 1998[1] due to bilateral hip replacement, bipolar disorder, depression, attention deficit hyperactivity disorder, dyslexia, and fatigue. (Tr. 51, 67, 146) Plaintiff's application was denied, and he filed a request for a hearing. (Tr. 22, 43, 51-55) On November 19, 2003, Plaintiff testified at a hearing before an Administrative Law Judge (ALJ). (Tr. 671-706) In a decision dated May 21, 2004, the ALJ determined that plaintiff was not disabled and was not

---

[1] Plaintiff was last insured for disability benefits on December 31, 1999. To receive DIB, he must prove that he was disabled as of that date. Dixon v. Barnhart, 353 F.3d 602, 604 n.2 (8th Cir. 2003).

entitled to a Period of Disability, Disability Insurance Benefits, or Supplemental Security Income.[2] (Tr. 13-21) On August 12, 2004, the Appeals Council denied plaintiff's request for review. (Tr. 3-5) Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Discussion**

Because the undersigned finds that this case should be remanded due to ALJ error in evaluating Plaintiff's mental impairments, the Court will discuss only the pertinent evidence in the record. In his decision, the ALJ found that, as of Plaintiff's date last insured, he had the severe impairments of bipolar disorder, attention deficit hyperactivity disorder, transient right 6th nerve palsy, and hypertension. (Tr. 14) However, the ALJ determined that Plaintiff's allegations of disabling symptoms precluding all substantial gainful activity were not credible. The ALJ concluded that Plaintiff was able to perform his past relevant work as an information broker and thus was not under a disability as defined in the Social Security Act. (Tr. 20-21)

The Plaintiff, in his Brief in Support of the Complaint, argues that the ALJ failed to follow the procedure required by the regulations with regard to evaluating mental impairments. The undersigned agrees, but for different reasons than those articulated by the Plaintiff. Plaintiff asserts that 20 C.F.R. § 404.1520a requires the ALJ to complete and attach a Psychiatric Review Technique Form ("PRTF") to his decision. The Defendant, on the other hand, maintains that § 404.1520a requires that the PRTF be completed at the initial and reconsideration levels of the administrative review process, with the ALJ documenting the application of the technique in the decision. 20 C.F.R. § 404.1520a(e). The Defendant further argues that the ALJ properly followed the mandate

---

[2] Although the ALJ mentions Supplemental Security Income Benefits ("SSI") in his decision, there is no indication that Plaintiff applied for SSI. Review of the record and the briefs demonstrates that Plaintiff applied solely for DIB in this action.

2

under § 404.1520a by discussing "the significant history and functional limitations that were considered in reaching a conclusion about the severity of the mental impairment, as well as specific findings as to the degree of limitation in Plaintiff's functional ability. See 20 C.F.R. § 404.1520a." (Defendant's Brief, p. 4)

Defendant's argument misstates the regulation and the mandate it imposes. The final sentence of the applicable regulation requires the ALJ's decision to "include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." 20 C.F.R. § 404.1520a(e)(2). Paragraph (c) lists the functional areas as: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decomposition." 20 C.F.R. § 404.1520a(c)(3). The Eighth Circuit Court Appeals, in recognizing the mandatory procedure for evaluating mental illnesses, has stated, "[t]he Commissioner has duly promulgated regulations in this area, which the ALJ may not silently disregard." Brueggemann v. Barnhart, 348 F.3d 689, 694 (8th Cir. 2003).

The ALJ's decision is void of any specific findings regarding the degree of limitation in the four functional areas as required by the regulation. Therefore, the undersigned finds that the case should be remanded to the ALJ for further evaluation in compliance with 20 C.F.R. § 404.1520a(e)(2).

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Under sentence four, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness

3

of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[3] As previously stated, after review of the record in this case, the undersigned finds that the cause should be remanded to the Commissioner to allow the ALJ to properly evaluate Plaintiff's mental impairment(s). Additionally, in light of medical evidence submitted by the Plaintiff subsequent to the completion of the PRTF, the agency should complete an updated form for the ALJ's application in his decision.[4] 20 C.F.R. § 404.1520a(e).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the final decision of the Commissioner denying social security benefits be **REVERSED** and this case be **REMANDED** to the Commissioner for further proceedings consistent with this Report and Recommendation.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for

---

[3] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review would serve no useful purpose, as the ALJ clearly failed to assess Plaintiff's mental impairments as mandated by 20 C.F.R. § 404.1520a.

[4] The undersigned notes that James Spence, Ph.D, marked only the "Insufficient Evidence" box, which completed the medical portion of the disability determination. (Tr. 107-119). Plaintiff argues that, given Plaintiff's psychiatric records, there was no rationale for Dr. Spence's determination that the evidence was insufficient. The Defendant does not dispute this argument in the Brief in Support of the Answer.

4

good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this  10th   day of February, 2006.