UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARK PARSONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:04-CV-140 CAS |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's counsel's application for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Equal Access to Justice Act (EAJA) states that a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, plaintiff's attorney is entitled to fees and expenses if (I) plaintiff was the prevailing party, (ii) the fees and expenses were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A)-(2)(B).

In the instant matter, plaintiff's counsel has met the threshold requirements. As reflected in the Order dated February 23, 2006, the undersigned adopted the report and recommendation of the United States Magistrate Judge and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Supreme Court has stated that "a party who wins a sentence-four

remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The fees and expenses sought by plaintiff's counsel were incurred in this civil action. Having determined that plaintiff is a prevailing party and that the fees and expenses sought were incurred in this civil action, the undersigned must next determine whether the defendant's position was substantially justified. Upon review of the record, the Court finds that the Commissioner's position was not substantially justified. The Court remanded this matter because it determined that the Commissioner's decision in this matter was not supported by substantial evidence.

The Court further finds that plaintiff's application for attorney's fees is reasonable as to hours spent on this matter and that sufficient proof has been submitted to support the request for fees in excess of the statutory limit. See McNulty v. Sullivan, 886 F.2d 1074, 1074-75 (8th Cir. 1989). The EAJA provides that attorney's fees may be awarded in excess of the maximum hourly rate of $125.00 per hour as provided by statute if "the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Counsel has submitted substantial proof, including the Consumer Price Index, in support of her request for fees in excess of the $125.00 per hour limit. The Eighth Circuit has held that the Court may increase the limit on attorney's fees if provided proper proof that reflects an increase in the cost of living. Kelley v. Bowen, 862 F.2d 1333, 1336 (8th Cir. 1989).

Defendant filed a response to the motion, asserting that the parties agreed to an EAJA fee award of $3,540.00, which is less than the $4,045.20 requested in plaintiff's motion. Plaintiff filed a notice to the Court confirming the agreement to the reduction in fees. The Court will therefore award attorney's fees in the amount of Three Thousand Five Hundred Forty Dollars ($3,540.00).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's counsel's application for award of attorney's fees in the amount of Three Thousand Five Hundred Forty Dollars ($3,540.00) pursuant to the Equal Access to Justice Act is **GRANTED**. [Doc. 23]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of April, 2006.